UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY DEMOND PATE | CIVIL ACTION |
| VERSUS | NO. 25-2305 |
| MICHAEL SEWELL, ET AL. | SECTION "C" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Timothy Demond Pate filed a complaint pursuant to 42 U.S.C. § 1983 which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2).  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I.    FACTUAL ALLEGATIONS

Timothy Pate, a convicted inmate housed in the Orleans Justice Center, filed this *pro se* and *in forma pauperis* § 1983 complaint against defendants Assistant District Attorney Michael Sewell and public defender Zachary Oshin.  ECF No. 3 at 1; ¶III(A), at 3; ¶III(B)-(C), at 4.  Pate alleges the defendants violated his constitutional rights by filing false charges against him for which he was not charged and lacked any supporting factual evidence.  *Id.*, ¶IV, at 4; *see also* ECF No. 3-1 at 2-3.  Pate asserts that defendants tampered with legal documents by forging and falsifying the documents, case numbers, and court orders in attempt to further their acts, which he contends constitutes criminal forgery.  ECF No. 3 at 4-5.

Pate requests that this Court annul his no-contest plea, set aside his conviction, grant him freedom, recommend defendants be disbarred, and award monetary compensation. *Id.*, ¶V, at 5.

## II.    LEGAL STANDARDS

### A.    Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[1]  A claim is frivolous if it "lacks an arguable basis in law or fact."[2]  A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[3]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[4]  A court may not dismiss a claim simply because the facts are "unlikely."[5]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[6]  The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[7]  The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin*, 156 F.3d at 579-80.

[2] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[3] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

[4] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

[5] *Id.* at 270.

[6] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[7] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).

2

misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[8]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[9] Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[10]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. P. 12(b)(6), the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[11] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[12] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[13]

### B.    Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

---

[8] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and quoting *Twombly*, 550 U.S. at 544).

[9] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Off.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).

[10] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664; *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

[11] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (now 28 U.S.C. § 1915(e)).

[12] *Id.*

[13] *Id.*

3

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[14]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[15]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)  deprivation of a right secured by the U.S. Constitution or federal law;
(2)  that occurred under color of state law; and
(3)  was caused by a state actor.[16]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[17] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[18] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19]

## III.   ANALYSIS

### A.   Section 1983 May Not Be Used for Habeas Relief

Over fifty years ago, the Supreme Court held that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of

---

[14] 42 U.S.C. § 1983.

[15] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).

[16] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

[17] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).

[18] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984).

their confinement, and that specific determination must override the general terms of § 1983."[20]

Section 1983 and the federal habeas statute are thus distinct.  Habeas applies to a specific kind of

plaintiff (a prisoner) seeking a specific and exceedingly powerful injunction (release from custody)

under specific legal standards unique to habeas (and today include AEDPA) whereas § 1983 is

more general and applies to constitutional and statutory claimants seeking an array of remedies

(including a variety of injunctions but also money damages) without regard to the common-law

and statutory restrictions on habeas.[21]

The Fifth Circuit's bright line rule makes clear that a habeas petition "is the proper vehicle

to seek release from custody," while a civil rights suit is the "proper vehicle to attack

unconstitutional conditions of confinement and prison procedures."[22]  A habeas request is not

properly asserted or sought in a §1983 civil rights action as overturning a conviction or obtaining

a release from custody is not an available remedy under § 1983.[23]  If a favorable determination of

the prisoner's claim would not automatically entitle him to accelerated release, then the proper

vehicle is a civil rights suit."[24]  Release and reversal of a conviction are not appropriate remedies

under § 1983.[25]  Thus, a prisoner cannot challenge the fact or duration of confinement in a § 1983

action.[26]

---

[20] *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

[21] *Wilson v. Midland Cnty., Texas*, 116 F.4th 384, 388-89 (5th Cir. 2024) (citing *Patsy v. Bd. of Regents of Fla.*, 457 U.S. 496, 501 (1982) (holding that, unlike the federal habeas statute, § 1983 generally does not require exhaustion of state remedies)), *petition for cert. filed* (Dec. 20, 2024).

[22] *Maxwell v. Thomas*, No. 23-40699, 2025 WL 1000117, at *1 (5th Cir. Apr. 3, 2025) (citing *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020)).

[23] *See Smith v. Lafourche Par.*, No. 21-1714, 2021 WL 4975698, at *3 (E.D. La. Sep. 30, 2021) (discussing when habeas relief can be granted), *R.&R. adopted*, 2021 WL 4972374 (E.D. La. Oct. 26, 2021); *accord Lerille v. Lafourche Par.*, No. 21-1729, 2021 WL 4975754, at *3 (E.D. La. Sep. 30, 2021), *R.&R. adopted*, 2021 WL 4972369, at *1 (E.D. La. Oct. 26, 2021).

[24] *Id.*

[25] *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).

[26] *Preiser*, 411 U.S. at 487; *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998).

Pate's challenge to the legality of his non-contest plea and request for reversal of his subsequent convictions constitutes a challenge to "the fact or duration of confinement."  As his claims directly challenge the constitutionality of his conviction and "necessarily imply the unlawfulness" of his detention, his claim is strictly habeas in nature.[27]  For that reason, Pate's request for habeas relief is inappropriately brought through this § 1983 complaint.[28]  That requested relief must be pursued on habeas corpus grounds.[29]

### B.     *Heck* Doctrine

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that, to avoid improper collateral attacks to convictions, a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement.[30]  The Supreme Court held that a plaintiff in a civil rights action under § 1983 may not recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[31]  The *Heck* doctrine applies to civil actions for both monetary and injunctive or other relief.[32]

---

[27] *Mount v. Wakefield*, 738 F. App'x 280 (5th Cir. 2018); *see also Preiser*, 411 U.S. at 488-90; *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, where a § 1983 complaint provides for challenges to unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (same).

[28] *See Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007) ("allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions").

[29] *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986).

[30] *Heck*, 512 U.S. at 484-85.

[31] *Heck*, 512 U.S. at 486-87 (internal footnote omitted).

[32] *Clarke*, 154 F.3d at 189 (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).

Pate does not allege that his conviction has been overturned, invalidated, or in any way called into question as required by *Heck* and its progeny.  For these reasons, even if Pate were seeking only monetary relief under § 1983 rather than habeas relief, his claims challenging the constitutionality of his arrest and conviction must be dismissed pending his compliance with the conditions expressed in *Heck*.[33]

### C. Ground for Dismissal Apart from *Heck*

The Fifth Circuit requires a court to address dismissal of claims against immune defendants and cull those claims that cannot proceed under § 1983 without regard to a *Heck* bar.[34]

### 1. Assistant District Attorney Michael Sewell

Pate asserts that Assistant District Attorney Michael Sewell filed false charges and tampered with legal documents to obtain his conviction.  The Complaint is unclear whether Pate asserts these claims against Sewell in his individual or official capacity.  If named in his individual capacity, Pate cannot proceed with these claims against Sewell, as Sewell enjoys absolute immunity from suit under § 1983.[35]

If pursued as an official capacity claim, that claim is  considered the equivalent to suit against Orleans Parish.[36]  "[M]unicipalities cannot be held liable for constitutional torts under

---

[33] *Johnson v. McElveen*, 101 F.3d 423, 424 (1996) (*Heck* dismissal is with prejudice until the conditions are met).

[34] *See Busick v. City of Madison, Miss.*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that the district court should consider grounds for dismissal other than *Heck*); *see also Boyd v. Biggers*, 31 F. 3d 279, 284 (5th Cir. 1994) (immunity must be considered as a threshold matter prior to applying *Heck*).

[35] *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Beard v. Wolf*, No. 13-4772, 2014 WL 3687236 at *2-3 (E.D. La. Jul. 22, 2014).

[36] *Connick v. Thompson*, 563 U.S. 51, 59-60 (2011) (a district attorney in Louisiana is a Parish official and claims against Orleans Parish District Attorney in an official capacity are addressed under the standards of *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)); *Burge v. Par. of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999) ("For purposes of 'official capacity' suits under § 1983, the district attorney's office resembles other local government entities."); *Bean v. Pittman*, No. 14-2210, 2015 WL 350284, at *2 (E.D. La. Jan. 26, 2015) (official capacity against Jefferson Parish sheriff's deputies is suit against the Parish through the Sheriff's Office); *see also Owen v. City of Independence*, 445 U.S. 622, 638 (1980) (refusing to apply immunities for personal liability to *Monell* claims against local governments because "there is no tradition of immunity for municipal corporations").

§ 1983 'on a *respondeat superior* theory,' but they can be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"[37]  Thus, to state a non-frivolous claim against a prosecutor in an official capacity, Pate would first have to identify that person, establish that the person was a final parish policymaker, and identify the parish policy or custom which allegedly caused the deprivation of his constitutional rights.[38]  Pate has not alleged any policy claims in his complaint nor does he allege that assistant district attorney Sewell was a final policy-maker for the parish.  Further, Pate has not identified any parish policy that led to a constitutional violation during his prosecution or that resulted in any alleged bias, prejudice, or denial of due process that caused him constitutional injury.  Therefore, he has not stated a plausible official capacity/*Monell* claim against Sewell.

For these reasons, Pate's claims against Assistant District Attorney Michael Sewell, in either his individual or official capacity, are frivolous, brought against an immune defendant, and otherwise fail to state a claim for which relief can be granted.  As such, the claims should be dismissed pursuant to 28 U.S.C. § 1915(e), § 1915A.

### 2.  Public Defender Zachary Oshin

Pate alleges that public defender Zachary Oshin brought false charges against him and falsified legal documents in furtherance of Pate's convictions.  However, public defenders have no authority to act on behalf of the state or the parish in which they are appointed to represent a

---

[37] *Burge*, 187 F. 3d at 470 (quoting *Monell*, 436 U.S. at 691).

[38] *Rinker v. New Orleans Dist. Atty.*, No. 10-0810, 2010 WL 2773236 at *4-5 (E.D. La. Jun. 15, 2010), *R&R adopted by* 2010 WL 2773383, at *1 (E.D. La. Jul. 12, 2010) (citing *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003)).

criminal defendant.[39]  Thus, Pate has no basis for a § 1983 claim against Oshin in his official capacity.  As for any claims brought against Oshin in an individual capacity, a public defender is not considered person or a state actor for purposes of § 1983.[40]

For these reasons, Pate's claims against public defender Zachary Oshin are frivolous and otherwise fail to state a claim for which relief can be granted and must be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1997A.

## IV.    RECOMMENDATION

It is therefore **RECOMMENDED** that Timothy Demond Pate's § 1983 claims against Assistant District Attorney Michael Sewell and public defender Zachary Oshin be **DISMISSED** pursuant to 28 U.S.C. § 1915, § 1915(e), § 1915A, and 42 U.S.C. § 1997e as frivolous and otherwise for failure to state a claim for which relief can be granted.

**ALTERNATIVELY**, it is **RECOMMENDED** that Pate's claims against Assistant District Attorney Michael Sewell and public defender Zachary Oshin be **DISMISSED** as *Heck* barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[39] *See Polk County v. Dodson*, 454 U.S. 312 (1981) (public defenders do not act under color of state law under § 1983 when performing the traditional functions of counsel to a criminal defendant); *Mills v. Crim. Dist. Ct. #3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.").
[40] *Id.*

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[41]

New Orleans, Louisiana, this  2nd  day of March, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[41] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.